**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Hunter G Benharris
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **VICTOR MEDINA, individually and on behalf of all others similarly situated,** | |
| **Plaintiff,** | |
| -against- | **No:** |
| **DOLGEN NEW YORK LLC, DOLGENCORP OF TEXAS, INC., and DOLLAR GENERAL CORPORATION,** | **CLASS ACTION COMPLAINT** |
| **Defendants.** | |

Victor Medina ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

### NATURE OF THE ACTION

1.      This lawsuit seeks to recover overtime compensation and other damages for Plaintiff and similarly situated salaried store managers (collectively, "Managers"), as well as compensation for all store employees in New York who were paid via payroll debit cards, (collectively the "New York Pay Card Class"), who work or have worked for Dolgen New York LLC, Dolgencorp of Texas, Inc. and Dollar General Corporation (collectively, "Dollar General" or "Defendants").

2.      Dollar General sells discounted retail items at their stores throughout the United States, including stores throughout the Southern District of New York.

3.      Dollar General operates over 15,000 stores throughout the United States, including over 300 in New York, and employs over 150,000 people in the United States.

4.      At all relevant times, Defendants have compensated Plaintiff and all other Managers on a salary basis.

5.      At all relevant times, Defendants have classified Plaintiff and all other Managers as overtime exempt and failed to provide them with any overtime premium wages for hours that they worked in excess of 40 hours per workweek.

6.      At all relevant times, Defendants have compensated Plaintiff and all other members of the New York Pay Card Class via a payroll debit card.

7.      Despite compensating their employees via a payroll debit card, Defendants (1) failed to get informed written consent from Plaintiff and the New York Pay Card Class; (2) failed to provide Plaintiff and the New York Pay Card Class one or more automatic teller machines ("ATM") that could be used to withdraw cash with the payroll debit card without incurring a fee; (3) charged fees for cashback use of the payroll debit cards; and (4) included expiration dates on the payroll debit cards issued to Plaintiff and the New York Pay Card Class.

8.      In this regard, Defendants failed to satisfy the requirements necessary under New York law to properly pay Plaintiff and the New York Pay Card Class via a payroll debit card.

9.      Furthermore, Plaintiff and the New York Pay Card Class incurred fees for use of their payroll debit cards at ATMs and for cashback use.

10.     These fees constitute unlawful deductions from the wages of Plaintiff and the New York Pay Card Class.

11.     Plaintiff brings this action on behalf of himself and all other similarly situated Managers nationwide who elect to opt in to this action pursuant to the Fair Labor Standards Act,

29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b).

12.     Plaintiff also brings this action on behalf of himself and all other similarly situated Managers pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law, Article 6, §§ 190 *et seq.* ("NYLL"), and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

13.     Plaintiff also brings this action on behalf of himself and all other similarly situated members of the New York Pay Card Class in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law, Article 6, §§ 190 *et seq.* ("NYLL"), and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

## THE PARTIES

### Plaintiff

#### Victor Medina

14.     Victor Medina ("Medina") is an adult individual who is a resident of the State of New York.

15.     Medina was employed by Dollar General as a Manager and member of the New York Pay Card Class from on or about October 2017 through approximately January 17, 2020.

16.     Medina is a covered employee within the meaning of the FLSA and the NYLL.

17.     A written consent form for Medina is being filed with this Class Action Complaint.

### Defendants

#### Dolgen New York LLC

18.     Dolgen New York LLC is a foreign business corporation organized and existing

under the laws of Kentucky.

19.     Dolgen New York LLC's principal executive office is located at 100 Mission Ridge, Goodlettsville, Tennessee 37072.

20.     Dolgen New York LLC was and is a covered employer within the meaning of the FLSA and NYLL, and at all times relevant, employed Plaintiff and similarly situated employees.

21.     Dolgen New York LLC has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

22.     Dolgen New York LLC applies the same employment policies, practices, and procedures to Plaintiff and all similarly situated employees in its operation, including policies, practices, and procedures with respect to payment of wages.

Upon information and belief, at all relevant times Dolgen New York LLC has had an annual gross volume of sales in excess of $500,000.

**Dolgencorp of Texas, Inc.**

23.     Dolgencorp of Texas, Inc. is a foreign business corporation organized and existing under the laws of Kentucky.

24.     Dolgencorp of Texas, Inc.'s principal executive office is located at 100 Mission Ridge, Goodlettsville, Tennessee 37072.

25.     Dolgencorp of Texas, Inc. was and is a covered employer within the meaning of the FLSA and NYLL, and at all times relevant, employed Plaintiff and similarly situated employees.

26.     Dolgencorp of Texas, Inc. has maintained control, oversight, and direction over Plaintiff and similar employees, including timekeeping, payroll, and other employment practices

that applied to them.

27.     Dolgencorp of Texas, Inc. applies the same employment policies, practices, and procedures to Plaintiff and all similarly situated employees in its operation, including policies, practices, and procedures with respect to payment of wages.

28.     Upon information and belief, at all relevant times Dolgencorp of Texas, Inc. has had an annual gross volume of sales in excess of $500,000.

**Dollar General Corporation**

29.     Dollar General Corporation is a foreign business corporation organized and existing under the laws of Tennessee.

30.     Dollar General Corporation's principal executive office is located at 100 Mission Ridge, Goodlettsville, Tennessee 37072.

31.     Dollar General Corporation C was and is a covered employer within the meaning of the FLSA and NYLL, and at all times relevant, employed Plaintiff and similarly situated employees.

32.     Dollar General Corporation has maintained control, oversight, and direction over Plaintiff and all similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

33.     Dollar General Corporation applies the same employment policies, practices, and procedures to Plaintiff and all similarly situated employees in its operation, including policies, practices, and procedures with respect to payment of wages.

34.     Upon information and belief, at all relevant times Dollar General Corporation has had an annual gross volume of sales in excess of $500,000.

**JURISDICTION AND VENUE**

35.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

36.     This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

37.     This Court also has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendants in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

38.     Plaintiff is a citizen of a different state than Defendants.

39.     There are over 100 members in the proposed class.

40.     Defendants are subject to personal jurisdiction in New York.

41.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events omissions giving rise to the claims occurred in this District, and Defendants conduct business in this District.

**COLLECTIVE ACTION ALLEGATIONS**

42.     Plaintiff brings the First Cause of Action, an FLSA claim, on behalf of himself and all similarly situated persons who work or have worked as Managers for Dollar General who elect to opt-in to this action (the "FLSA Collective").

43.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective for their overtime hours worked.

44.     Consistent with Defendants' policies and patterns or practices, Plaintiff and the FLSA Collective were not paid the proper premium overtime compensation of 1.5 times their

regular rates of pay for all hours worked beyond 40 per workweek.

45.     All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

46.     As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to, willfully failing to pay their employees, including Plaintiff and the FLSA Collective, the correct overtime wages for all hours worked in excess of 40 hours per workweek.

### NEW YORK MANAGER CLASS ACTION ALLEGATIONS

47.     Plaintiff brings the Second, Third, Fourth, Fifth, and Sixth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All persons who work or have worked as salaried store managers for Dolgen New York LLC, and/or Dolgen of Texas, Inc. and/or Dollar General Corporation in New York between April 24, 2014 and the date of final judgment in this matter (the "New York Manager Class").

48.     The members of the New York Manager Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

49.     There are more than fifty members of the New York Manager Class.

50.     Plaintiff's claims are typical of those claims that could be alleged by any member of the New York Manager Class, and the relief sought is typical of the relief which would be sought by each member of the New York Manager Class in separate actions.

51.     Plaintiff and the New York Manager Class have all been injured in that they have been uncompensated, under-compensated, or untimely compensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices affected everyone in the New York Manager Class similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the New York Manager Class.

52.     Plaintiff is able to fairly and adequately protect the interests of the New York Manager Class and has no interests antagonistic to the New York Manager Class.

53.     Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

54.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

55.     Common questions of law and fact exist as to the New York Manager Class that predominate over any questions only affecting Plaintiff and/or each member of the New York Class individually and include, but are not limited to, the following:

>   (a) whether Defendants correctly compensated Plaintiff and the New York Manager Class for hours worked in excess of 40 per workweek;
>
>   (b) whether Defendants fulfilled the necessary requirements to compensate Plaintiff and the New York Manager Class via payroll debit card;

(c) whether Defendants unlawfully deducted wages from Plaintiff and the New York Manager Class;

(d) whether Defendants failed to furnish Plaintiff and the New York Manager Class with a proper time of hire wage notice, as required by the NYLL; and

(e) whether Defendants failed to furnish Plaintiff and the New York Manager Class with accurate statements with every payment of wages, as required by the NYLL.

## NEW YORK PAY CARD CLASS ACTION ALLEGATIONS

56.     Plaintiff brings the Third, Fourth, Fifth and Sixth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All persons who work or have worked for Dolgen New York LLC, and/or Dolgen of Texas, Inc. and/or Dollar General Corporation in New York between April 24, 2014 and the date of final judgment in this matter and were paid via payroll debit card (the "New York Pay Card Class").

57.     The members of the New York Pay Card Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

58.     There are more than fifty members of the New York Pay Card Class.

59.     Plaintiff's claims are typical of those claims that could be alleged by any member of the New York Pay Card Class, and the relief sought is typical of the relief which would be sought by each member of the New York Pay Card Class in separate actions.

60.     Plaintiff and the New York Pay Card Class have all been injured in that they have been uncompensated, under-compensated, or untimely compensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices affected everyone in the New York Pay Card Class similarly, and Defendants benefited from the

same type of unfair and/or wrongful acts as to each member of the New York Pay Card Class.

61.     Plaintiff is able to fairly and adequately protect the interests of the New York Pay Card Class and has no interests antagonistic to the New York Pay Card Class.

62.     Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

63.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

64.     Common questions of law and fact exist as to the New York Pay Card Class that predominate over any questions only affecting Plaintiff and/or each member of the New York Class individually and include, but are not limited to, the following:

(a) whether Defendants fulfilled the necessary requirements to compensate Plaintiff and the New York Pay Card Class via payroll debit card;

(b) whether Defendants unlawfully deducted wages from Plaintiff and the New York Pay Card Class.

### PLAINTIFF'S FACTUAL ALLEGATIONS

65.     Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff, individually, as follows:

**Victor Medina**

66.     Medina was employed at various stores operated by Defendants, including stores

throughout Bronx, New York as a "store manager."

67.     During his employment, Medina frequently worked over 40 hours per week. In weeks were Medina worked over 40 hours per week, Defendants failed to pay him any overtime.

68.     For example, for the pay period starting December 28, 2019 and ending January 3, 2020, Medina worked approximately 70 hours, yet Defendants failed to pay Medina any overtime compensation.

69.     In this regard, Defendants improperly categorized Medina as an overtime exempt employee.

70.     Medina's primary duty was "packing out" or moving freight from shipments into the stores priced inventory. This included; but was not limited to: (1) lifting and moving boxes of up to 55 pounds; (2) opening and unpacking boxes; (3) separating items and price tagging them; and (4) moving tagged items to shelves.

71.     Medina spent approximately ninety percent of his work time performing these non-exempt manual labor tasks.

72.     Furthermore, Medina had no authority to fire employees, could not set rates of pay for employees, did not determine what inventory the stores he worked at were ordering, and could not enter Defendants into legally binding contracts.

73.     In addition, Medina was compensated by Defendants entirely via a payroll debit card.

74.     Despite this, Defendants failed to get Medina's informed written consent to be paid via payroll debit card, failed to provide an ATM Medina could withdraw funds from without incurring a charge, deducted fees from Medina for use of the payroll debit card, and issued Medina a payroll debit card with an expiration date.

75.     Furthermore, Medina had fees deducted from his wages for making ATM withdrawals, using the payroll debit card, and replacing the payroll debit card.

76.     For example, on January 4, 2020, Medina had fees deducted from his wages for making an ATM withdrawal with the payroll debit card provided by Defendants.

77.     Defendants failed to provide Medina with a proper time of hire wage notice as required by the NYLL.

78.     Throughout his employment, Defendants failed to provide Medina with accurate wage statements with each payment of wages as required by the NYLL.

**<u>FIRST CAUSE OF ACTION</u>**
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

79.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

80.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the members of FLSA Collective.

81.     Plaintiff and the FLSA Collective worked in excess of 40 hours during workweeks in the relevant period.

82.     Defendants failed to pay Plaintiff and the FLSA Collective the premium overtime wages to which they were entitled under the FLSA – at a rate of 1.5 times their regular rate of pay for all hours worked in excess of 40 per workweek.

83.     As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied proper overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees

and costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### New York Labor Law – Overtime Wages
**(Brought on behalf of Plaintiff and the New York Manager Class)**

84.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

85.     The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiff and the New York Manager Class.

86.     Defendants failed to pay Plaintiff and the New York Manager Class the premium overtime wages to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations – at a rate of 1.5 times their regular rate of pay – for all hours worked beyond 40 per workweek.

87.     Due to Defendants' violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### New York Labor Law – Improper Payment of Wages Via Pay Card
**(Brought on behalf of Plaintiff, the New York Manager Class, and the New York Pay Card Class)**

88.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

89.     The payment of wages by payroll debit card regulations codified by 12 N.Y.C.R.R. § 192-2.3 apply to Defendants and protect Plaintiff and the New York Pay Card Class.

90.     Defendants failed to satisfy the requirements of 12 N.Y.C.R.R. § 192-2.3 to properly pay Plaintiff and the New York Pay Card Class via a payroll debit card.

91.     Due to Defendants' violations of the NYLL, Plaintiff and the New York Pay Card Class are entitled to recover from Defendants the amount of their wages improperly paid via payroll debit card as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

### FOURTH CAUSE OF ACTION
**New York Labor Law – Unlawful Deductions**
**(Brought on behalf of Plaintiff, the New York Manager Class, and the New**
**York Pay Card Class)**

92.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

93.     The wage deduction provisions of NYLL § 193 and the supporting regulations apply to Defendants and protect Plaintiff and the New York Pay Card Class.

94.     Defendants have made unlawful deductions from the wages of Plaintiff and the New York Pay Card Class.

95.     Defendants' unlawful deductions include, but are not limited to: ATM fees for use of payroll debit cards to withdraw cash, service fees for use payroll debit cards to purchase items, and fees assessed to replace payroll debit cards.

96.     Due to Defendant's violations of the NYLL, Plaintiff and the New York Pay Card Class are entitled to recover from Defendants their unlawfully deducted wages, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

### FIFTH CAUSE OF ACTION
**New York Labor Law – Failure to Provide Proper Time of Hire Notice**
**(Brought on behalf of Plaintiff and the New York Manager Class)**

97.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

98.     Defendants have failed to supply Plaintiff, the New York Manager Class, and the

14

New York Pay Card Class with a proper time of hire wage notice, as required by NYLL, Article 6, § 195(1), in English or in the language identified as their primary language, at the time of hiring, containing, among other items: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; overtime rate; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

99.     Due to Defendants' violations of NYLL, Article 6, § 195(1), Plaintiff, the New York Manager Class, and the New York Pay Card Class are entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide them with wage notices, or a total of five thousand dollars each, as well as reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198(1-b).

**SIXTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Accurate Wage Statements**
**(Brought on behalf of Plaintiff and the New York Manager Class)**

100.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

101.    Defendants failed to provide Plaintiff, the New York Manager Class, and the New York Pay Card Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross

wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked per week, including overtime hours worked if applicable; deductions; and net wages.

102.    Due to Defendants' violations of NYLL § 195(3), Plaintiff, the New York Manager Class, and the New York Pay Card Class are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide them with accurate wage statements, or a total of five thousand dollars each, as well as reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A.    That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Managers in the United States who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked for Dollar General. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.    Unpaid overtime wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C.    Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.    Designation of Plaintiff as representative of the New York Rule 23 Classes and

counsel of record as Class Counsel for both the New York Manager Class and New York Pay Card Class;

E.      Unpaid overtime wages and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

F.      Liquidated damages in the amount of wages paid via prepaid card pursuant to the NYLL;

G.      Damages in the amount of wage unlawfully deducted as permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

H.      Statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff and the NY Rule 23 Classes with proper time of hire wage notices, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

I.      Statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiff and the NY Rule 23 Classes with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article § 198;

J.      Prejudgment and post-judgment interest;

K.      Reasonable attorneys' fees and costs of the action; and

L.      Such other relief as this Court shall deem just and proper.

Dated:  New York, New York
       April 24, 2020

                                        Respectfully submitted,

                                        Brian S. Schaffer

                                        **FITAPELLI & SCHAFFER, LLP**
                                        Brian S. Schaffer
                                        Hunter G Benharris
                                        28 Liberty Street, 30th Floor
                                        New York, NY 10005
                                        Telephone: (212) 300-0375

                                        *Attorneys for Plaintiff and*
                                        *the Putative Class*

## FAIR LABOR STANDARDS ACT CONSENT

1.      I consent to be a party plaintiff in a lawsuit against Dolgen New York LLC and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      By signing and returning this consent form, I hereby designate FITAPELLI & SCHAFFER, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement.  I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount.  I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.


_____
Signature


_____
Full Legal Name (Print)